UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-637-H

JOHN DAVID LEE                                                                    PLAINTIFF

V.

JUDGE STEPHEN M. GEORGE                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Judge Stephen M. George, Jefferson Family Court, moves to dismiss on the grounds of his immunity for decisions made in his capacity as the sitting judge presiding over the Plaintiff's family court action. Plaintiff has asked for an extension of time which this Court finds is unwarranted. For the reasons that follow, the Court finds that Defendant's motion is well taken.

I.

Plaintiff, John David Lee ("Lee"), is a litigant in a heated divorce action pending before Judge George in the Jefferson Family Court and was also a respondent in a related case where Judge George entered a Domestic Violence Order against him and in favor of his then-wife. Lee is upset with a number of Judge George's rulings including the fact that he was ordered to contribute $70,000 in attorney fees to his former wife's counsel.

During the pendency of the case, Judge George also ordered that Lee would only have supervised visitation with his children, which was later increased to unsupervised contact. Then, following a two-day trial Judge George awarded sole custody to Lee's former spouse. Lee has appealed many of these decisions in another action. He asks this Court to remove Judge George from his case, vacate his prior rulings, disqualify his ex-wife's attorneys and award him attorney

fees incurred, not in this case, but in his case before Judge George.

## II.

To the extent Lee seeks to bring this lawsuit against Judge George in his official capacity, his claims are barred on the grounds of sovereign immunity. States possess sovereign immunity from suit in a federal court without their consent. The Eleventh Amendment to the United States Constitution provides that the states are immune from suit by private parties under federal law, *Hans v. Louisiana*, 134 U.S. 1 (1890), and 42 U.S.C. § 1983 does not abridge the Eleventh Amendment immunity of the states from suit. *Quen v. Jordan*, 440 U.S. 322 (1979). Indeed, immunity ultimately "derives not from the Eleventh Amendment but from the structure of the original Constitution itself." *Alden v. Maine*, 527 U.S. 706, 728 (1999).

Furthermore, state agencies and their officials functioning in an official capacity are not considered "persons" under § 1983, since a suit for damages against them in that capacity would be the same as a suit against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). To the extent Lee has sued Judge George in his official capacity, a suit against Judge George is considered to be a suit against the Commonwealth. Therefore, the Court will dismiss Plaintiff's claims.

## III.

Lee's claims against Judge George individually are also barred by absolute judicial immunity. Judges are immune from liability for damages committed within their judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547 at 553-554. Absolute immunity extends to alleged seizures in violation of the Fourth Amendment. As set forth above, the only actions involving Judge George are those rulings that occurred entirely within the context of Lee's family court

cases and are therefore, consistent with the powers of his office and in his capacity as a sitting judge.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Lee makes no argument that Judge George acted "in absence of all jurisdiction."

For all of these reasons, an action against a sitting judge involving an ongoing state case has no place in federal court. This Court has no reason or authority to interfere in these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Defendant is DISMISSED WITH PREJUDICE.

This is a final order.

cc: John D. Lee, *Pro Se*
      Counsel of Record